## VENEY *v.* STATE

[No. 253, September Term, 1960.]

*Decided May 3, 1961.*

---

238

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Dallas F. Nicholas* for the appellant.

*William J. McCarthy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, Joseph G. Koutz,* and *Julius A. Romano, State's Attorney, Deputy State's Attorney* and *Assistant State's Attorney of Baltimore City,* respectively, on the brief, for the appellee.

PER CURIAM.

Appellant was convicted by the court sitting without a jury of the commission of two armed robberies. He contends that the evidence was not legally sufficient to sustain the convictions.

One robbery was of a liquor store on Harford Avenue in Baltimore. Two men, one holding a "sawed-off shotgun," took money from a clerk and the cash register in the presence of another clerk. No one could identify appellant as having been present. However, several policemen testified that appellant had made voluntary admissions as to his participation in both robberies, and that his statements were taken down and typed up, although he would not sign them. A detective testified from the statement that appellant had admitted he was one of the men who had participated in the Harford Avenue robbery, that he stayed outside and was the lookout man, and his share of the money taken was $45.00.

An accused may be convicted of a crime upon proof of the *corpus delicti* and his confession to its commission. *Weller v. State,* 150 Md. 278, 284; *Cooper v. State,* 220 Md. 183, 190; *Bollinger v. State,* 208 Md. 298, 305-306; *Glaros v. State,* 223 Md. 272, 281. A lookout is treated as a participant in the crime of armed robbery. *Vincent v. State,* 220 Md. 232, 239. Appellant repudiated his admissions on the stand but the

trier of fact had the right to find the inculpatory statements had been made and were true.

The second robbery was of a grocery store on Federal Street. Appellant freely admitted to the police, they testified, that he had entered the store and taken money from the cash register while a companion intimidated those in the store with the shotgun. The proprietor testified that a man who resembled the appellant took him to the back of the store, hit him and robbed him of ten dollars, but he could not make a positive identification.

Appellant, in addition to repudiating his admissions, offered alibi evidence that he was elsewhere at the time of the second robbery, which the trial court rejected in favor of finding that he had been at the scene of the crime. The testimony permitted this determination.

*Judgments affirmed.*