**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter Tovar CAMARILLO, Defendant-Appellant.**

**No. 25750.**

United States Court of Appeals, Ninth Circuit.

Sept. 17, 1970.

Ronald M. Gruen, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Eric Nobles, Asst. U. S. Atty., David R. Nissen, Chief, Criminal Div., Los Angeles, Cal., for appellee.

Before JERTBERG, ELY and HUFSTEDLER, Circuit Judges.

JERTBERG, Circuit Judge:

Following a jury trial, appellant Camarillo, together with co-defendants Paul Judd, Hovespian, and Sotelo were convicted on Counts Four, Five and Six of a six count indictment. Co-defendant Prince was acquitted.

Count Four charged a violation of 21 U.S.C. § 174 on or about September 19, 1969, when the appellant and the other persons named in that count knowingly received, concealed, and facilitated the concealment and transportation of 648.-40 grams of heroin which they knew had been previously imported into the United States.

Count Five charged that appellant and his co-defendants knowingly and unlawfully sold and facilitated the sale to Federal Agent Lawrence Lusardi the same heroin, which said defendants knew had been imported into the United States contrary to law.

Count Six charged that appellant and his co-defendants sold the same amount of heroin to Agent Lusardi without obtaining from him a written order from the Secretary of the Treasury of the United States, contrary to 26 U.S.C. § 4705(a).

Co-defendant Paul Judd, and Judd's wife, the only defendants named in Counts One, Two and Three of the indictment, were convicted on each of the three counts. The three offenses charged in said counts are similar to the offenses set forth in Counts Four, Five and Six. The three offenses allegedly occurred September 3, 1969, involved 29 grams of heroin, and the sale of said heroin was made to the same Federal Agent named in Counts Five and Six.

At the conclusion of the Government's case, appellant moved the district court for a judgment of acquittal which was denied, and at the conclusion of all of the testimony the motion for acquittal was renewed and again denied. The appellant was committed to the custody of the Attorney General for a period of five years on each count, with sentences on all counts ordered to run concurrently.

Only the appellant Camarillo is involved on this appeal. He contends that the district court erred in failing to grant his motion for judgment of acquittal on the ground that the evidence is insufficient to sustain the judgment of conviction, and that the trial court erred in the giving of certain instructions to the jury.

There is no evidence in the record that appellant was in any manner or form connected with the transaction alleged in Counts One, Two and Three of the indictment. The only participants in that transaction, alleged to have occurred on September 3, 1969, were the Federal Agent on the one hand, and co-defendant Judd and his wife on the other.

Our task, therefore, is to ascertain the extent of appellant's participation in the offenses set forth in Counts Four, Five and Six. For that purpose we resort to the Government's reply brief wherein it is stated that following the transaction involved in Counts One, Two and Three:

"Subsequent contacts between Agent Lusardi and Paul Judd led to Counts Four, Five, and Six * * *.

"Arrangements were made for the sale of approximately 20 ounces of heroin at $350 per ounce, to take place on September 18, 1969. Paul Judd said the source of supply, described as a 19 year old female addict, was expected to be at his residence with the heroin at 10:00 P.M. on September 18, 1969.

"Agents Lusardi and Tryal waited with Paul Judd and defendant MARILYN JUDD at the Judd residence for two hours on September 18, 1969. When the source failed to appear, the agents were advised to return the following morning at 8:00 A.M.

"On September 19, 1969, Agent Lusardi telephoned the Judd residence and was told by Paul Judd to come right over, that the others had just walked in the door.

"Agent Lusardi and Agent Tryal arrived at the Judd residence and found co-defendants Hovsepian, Sotelo, and defendant CAMARILLO there. *Paul Judd took Agent Lusardi and co-defendant Sotelo into the den and left the other agent in the living*

*room with Hovsepian and defendant Camarillo.*

"Agent Lusardi complained to Sotelo about doing business with a 19 year old female addict and for the postponement of the sale. Sotelo indicated that he understood Lusardi's concern and for that reason he came himself. Sotelo also stated that he had a large scale operation and his own chemist in the Culiacan area in Mexico and that he purchased his heroin in uncut quantities.

"He further told the agent that he had approximately 100 ounces of uncut heroin in Los Angeles and had several people working for him, but rarely sold his narcotics personally.

"Co-defendant Sotelo did not have the 20 ounces with him, but made a telephone call to have it delivered. A few minutes later, co-defendant Prince arrived in a 1966 blue Malibu. Sotelo went across the street to meet him and was given a rolled-up paper bag. Sotelo re-entered the house with the paper bag containing 20 ounces of heroin, or 648.4 grams, and gave it to Agent Lusardi.

"Meanwhile, Agent Tryal, *who remained in the living room with co-defendant Hovsepian and defendant CAMARILLO*, was advised by defendant CAMARILLO that in the future transactions would be done quickly and promptly. In response to Agent Tryal's inquiry with regard to the quality of the heroin to be purchased that day, defendant CAMARILLO stated that the heroin had been cut three times and was of medium quality.

"Defendant CAMARILLO further stated that purchases of better heroin could be made, but the price would be higher and that he could supply large amounts of cocaine as well as heroin. He explained that he and Sotelo received large amounts of heroin periodically from a source of supply in Mexico. Co-defendant Hovsepian, in the same conversation, stated that the heroin was a short distance away and

co-defendant Sotelo would make a telephone call and his partner would deliver the heroin within a short time.

"All the defendants were arrested when Agent Tryal left the Judd residence and returned with other agents. No order form had been requested for the purchase of narcotics." [Emphasis added.]

It thus appears from the Government's statement that there is no evidence in the record that at any time appellant received, concealed, or facilitated the concealment or transportation of the heroin mentioned in the three counts. There is no evidence in the record that appellant sold, or facilitated the sale to the Federal Agent of such heroin. There is no evidence in the record that appellant at any time had actual or constructive possession of said heroin. The only theory upon which the judgment of conviction can be sustained is to hold that under the evidence the appellant aided and abetted the commission, by another person or persons, of the offenses charged.

The most that can be said of the Government's statement is that appellant was present in Judd's house on September 19, 1969, when Lusardi, the Federal Agent, and Sotelo, in another room, out of the presence of appellant, consummated the purchase and sale of the heroin described in Counts Four, Five and Six. There is no evidence that appellant's conversation with Agent Tryal in any manner facilitated the purchase of the heroin by Agent Lusardi. Camarillo's statements to Tryal about future illicit transactions cannot be said to have in any way aided and abetted the commission of the offenses charged.

From our review of the record, it falls short of establishing that appellant aided or abetted another person or persons in the commission of the offenses charged.

In United States v. Garguilo, 310 F.2d 249 (2d Cir. 1962), at 253, the Court said:

"But knowledge that a crime is being committed, even when coupled with

presence at the scene, is generally not enough to constitute aiding and abetting. In Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949), the Supreme Court said, quoting Judge Learned Hand in United States v. Peoni, 100 F.2d 401, 402 (2 Cir. 1938):

> 'In order to aid and abet another to commit a crime it is necessary that a defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." ' ".

See also: United States v. Ragland, 375 F.2d 471, 477–478 (2d Cir. 1967); Chavez v. United States, 275 F.2d 813, 815, 817 (9th Cir. 1960).

Our holding that the evidence is insufficient to sustain the conviction makes it unnecessary to discuss the propriety of the instructions given to the jury.

The judgment of conviction of appellant is hereby vacated and the cause is remanded to the district court with instructions to dismiss the indictment against him.