Richard G. Kolostian, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Eric A. Nobles, Chief, Crim. Complaints, Los Angeles, Cal., for plaintiff-appellee.

Before CARTER and HUFSTEDLER, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Appellant Hovsepian appeals from her conviction upon two counts charging violation of 21 U.S.C. § 174 (concealment, transportation, and sale of heroin) and one count charging violation of 26 U.S.C. § 4705(a) (sale of heroin without an order form).

Appellant claims that the evidence against her was insufficient to sustain her conviction. She relies on our opinion in United States v. Camarillo (9th Cir. 1970) 431 F.2d 616 vacating the conviction of her codefendant Camarillo. She argues that the evidence against her is not materially different from that held insufficient in Camarillo's case.

Here, unlike *Camarillo*, there was evidence that appellant was the person who transported and delivered the heroin that was the subject of the sale; she was not simply a bystander during the negotiation of the sale by others.

On September 18, 1969, the day before the sale took place, federal agents Lusardi and Tryal waited with Paul and Marilyn Judd at the Judd residence for two hours anticipating the arrival of the "source," who was described as a 19-year-old female addict named "Linda." The source did not appear, and the negotiations were resumed the following day. At that time, Belinda Hovsepian was in the Judd's living room with Camarillo and Sotelo. Paul Judd, Sotelo, and Lusardi went to the den, leaving Tryal, Camarillo, and Hovsepian in the living

---

* Hon. Bruce Thompson, United States District Court Judge for the District of Nevada, sitting by designation.

room. Tryal complained about the delay in delivery the prior day, and Hovsepian replied that she was a hairdresser who worked late and that "she was not able to get off at the proper time the previous evening, and that was why the delay occurred." Tryal asked her if the heroin was in the house, and "she replied that it was not; however, it was a short distance away and Sotelo would make a phone call and it would be delivered within two to five minutes."

That evidence, in the context of the other circumstances of the case, amply established the offenses of which appellant was convicted.

The judgment is affirmed.

---

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Luster EFFINGER, Defendant-Appellant.**

**No. 30957**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

May 11, 1971.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Lawrence B. Sheffield, Jr., Birmingham, Ala., for defendant-appellant.

Wayman G. Sherrer, U. S. Atty., L. Scott Atkins, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

AFFIRMED. See Local Rule 21.[1]

---

**Harold Arrendondo ORTIZ, Appellant,**

v.

**Walter E. CRAVEN, Warden, Appellee.**

No. 25200.

United States Court of Appeals,
Ninth Circuit.

May 12, 1971.

Harold Arrendondo Ortiz, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst. Atty. Gen., Ivan Hoffman, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before MURRAH,* ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Ortiz is a California state prisoner, convicted and sentenced for illegal possession of heroin for the purpose of sale. Cal. Health & Safety Code § 11500.5 (West 1964). He appeals the District Court's denial of his petition for a writ of habeas corpus.

Ortiz argues that there was no reasonable or probable cause for his arrest and that the evidence obtained from the ensuing search should have been excluded. The arresting officer, who had been assigned to a police Narcotics Division for over thirteen years, knew that great numbers of persons frequently visited Ortiz in his hotel, saw numerous scabs or "hype tracts" on Ortiz's arms, and recognized constricted eyes indicating that Ortiz was possibly

---

1. See N. L. R. B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Honorable Alfred P. Murrah, Senior United States Circuit Judge, Oklahoma City, Oklahoma, sitting by designation.