**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**William G. FULLY, Defendant-Appellant.**

**No. 71–2350.**

United States Court of Appeals, Ninth Circuit.

Dec. 28, 1971.

Certiorari Denied April 17, 1972.
See 92 S.Ct. 1518.

---

Gerald A. Witt, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty. & Chief, Crim. Div., William R. Hawes, John Walter, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

William Fully stands convicted on two counts arising from his involvement in a sale of cocaine, in violation of 21 U.S.C. § 174. On appeal he questions the sufficiency of the evidence to demonstrate his knowing participation in the illegal transaction. We affirm.

Federal narcotics agents negotiated a cocaine purchase with one Larry Reckel and arranged to meet him in a Los Angeles restaurant. When the two agents arrived, Reckel and Fully were sitting together in a booth.

In response to the agents' inquiry, both Reckel and Fully praised the excellent quality of the cocaine. Fully said he knew the cocaine was good because he had been in business with Reckel for several months.

The four men walked to an automobile and Reckel exchanged the cocaine for the agents' money. As Reckel explained the technique for diluting the drug, Fully informed the agents that cocaine of this high caliber could be cut several times. Fully also said the drug originated in Colombia and came to them through a mutual friend.

Although Reckel alone set up the sale and handled the actual transfer, the evidence depicts Fully as a knowing participant. By reassuring the prospective buyer about the drug's quality, Fully associated himself with Reckel's venture. His sales effort distinguishes Fully from one who is merely a knowledgeable bystander to an illegal narcotics transaction. *Cf.* United States v. Camarillo, 431 F.2d 616 (9th Cir. 1970).

Affirmed.