**Gary G. QUARLES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6944.**

District of Columbia Court of Appeals.

Argued May 3, 1973.

Decided Aug. 1, 1973.

---

Marsha E. Swiss, Washington, D. C., appointed by this court, for appellant.

Garey G. Stark, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and James M. Hanny, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, NEBEKER and PAIR, Associate Judges.

1. D.C.Code 1967, § 22–2202.

KELLY, Associate Judge:

Appellant was convicted by a jury of petit larceny,[1] as an aider and abettor,[2] and claims as the sole error on appeal that the evidence was insufficient to support his conviction. We agree and reverse.

Viewed in the best possible light, the government established through prosecution witnesses that one morning about 5:20 a. m., complainant Bennie H. Wall was helping his wife catch a bus to Newark, N. J., at the Greyhound Bus Terminal in this city. Appellant pushed between them in boarding the bus and once on the bus, as Mr. Wall was placing his wife's bag on the overhead rack, appellant bent over as if to pick up something from the floor and forcibly pushed back against him. At the same moment an unknown gentleman pushed against him from the rear. Mr. Wall immediately felt for his wallet and found that it was gone. The gentleman behind Mr. Wall hurriedly left the bus, but appellant was asked to remain. Appellant explained to a special police officer who was called that he boarded the bus to ask about bus schedules to Cincinnati, but he was otherwise uncooperative. No wallet was found either on the bus or in appellant's possession; however, at the precinct a bus ticket to Baltimore was found on his person. A metropolitan police officer, qualified as an expert, testified that pickpockets like to work in teams, in closed areas, much in the manner of this occurrence. Appellant offered no testimony.

Proof of an accused's presence at the scene of a crime alone cannot support a conviction of aiding and abetting the commission of a crime. "An inference of criminal participation cannot be drawn merely from presence; a culpable purpose is essential." Bailey v. United States, 135 U.S.App.D.C. 95, 98, 416 F.2d 1110, 1113 (1969) [Footnotes omitted.]. Proof of presence plus conduct which designedly encourages or facilitates a crime, however,

2. D.C.Code 1967, § 22–105.

suffices to support an inference of *guilty* participation in the crime. *Id.* The question then is whether the government here made the requisite showing that appellant in some way associated himself with this criminal venture, that he participated in it as in something he wished to bring about, and that he sought by his action to make it succeed. Nye & Nissen v. United States, 335 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949); United States v. Lumpkin, 145 U.S.App.D.C. 162, 448 F.2d 1085 (1971); Bailey v. United States, *supra*; Davis v. United States, 133 U.S.App.D.C. 172, 409 F.2d 458, cert. denied, 395 U.S. 949, 89 S.Ct. 2031, 23 L.Ed.2d 469 (1969).

 It is of course the rule that in deciding the issue of guilt or innocence a jury may draw reasonable inferences and deductions from the evidence presented, if substantial. In applying that rule to the facts of this case, we are of the opinion that the evidence is so lacking in substance that it cannot support an inference, beyond a reasonable doubt, of guilty participation in the theft of Mr. Wall's wallet. For even if we assume the unknown man behind Mr. Wall took the wallet, and a reasonable inference is that he did, the only conduct which could possibly show a connection between the two was that appellant leaned over and pushed against Wall at the very moment the other man was pushing from the rear. Proof of guilty and knowing participation in the larceny, we think, requires more. There was no testimony of any communication between appellant and the purported thief at any time before or after the theft, nor were they ever seen together before the theft or connected in any other way. And while surmise and conjecture, particularly in light of the expert testimony as to the *modus operandi* of pickpockets working in

pairs,[3] may lead one to suspect that the two men may have been acting in concert, suspicion, even strong suspicion, is no substitute for probative evidence of guilt. Perry v. United States, D.C.App., 276 A.2d 719 (1971).

Reversed with directions to enter a judgment of acquittal.

---

3. The expert testimony was admitted over counsel's objection that there could be no foundation for its admission absent a showing of some connection between appellant and the other gentleman. The court gave no limiting instruction on the purpose for which such testimony was admitted either at the time it was given or in the charge to the jury. *See* United States v. Jackson, 138 U.S.App.D.C. 143, 425 F.2d 574 (1970).