Brian D. **FORSYTH**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 7685.

District of Columbia Court of Appeals.

Argued Feb. 28, 1974.

Decided April 23, 1974.

David C. Murchison, Washington, D. C., appointed by this court, for appellant.

Donald E. Robinson, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Richard L. Cys, Asst. U. S. Attys., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

This appeal from a conviction of second degree burglary[1] presents the question whether the evidence was legally sufficient. That the crime was committed is not challenged. Appellant and another (the codefendant at trial) were apprehended a few blocks away shortly after taking flight from within five feet of the entrance of the burglarized premises as the police arrived in response to a silent burglar alarm report. The codefendant had previously done business with the owners of the premises, but, a few days before the burglary, he had been denied further credit because of his arrearages. Specifically, the issue is whether there was adequate proof that appellant entered the building. We affirm.

Appellant reminds us of numerous decisions of the courts within the District of Columbia which, in varying factual context, have ruled that mere presence at or near the scene of a burglary or other offense, coupled with other ambiguous evidence, was insufficient for jury consideration. Primary reliance is placed on Davis v. United States, D.C.App., 230 A.2d 485

1. D.C.Code 1973, § 28–1801(b).

(1967) (defendant first seen a block away from burglary moving "at a trot", and found in possession of cigarettes not necessarily connectible with those sold by the victim held insufficient); and Bailey v. United States, 135 U.S.App.D.C. 95, 416 F.2d 1110 (1969) (presence at scene of crime, flight, and limited association with perpetrator held insufficient). Aid is also found in Quarles v. United States, D.C. App., 308 A.2d 773 (1973) (presence at scene, plus bumping victim in a crowded bus aisle at time victim's pocket was picked held insufficient); Perry v. United States, D.C.App., 276 A.2d 719 (1971) (individual standing in front of broken window of store being burglarized by two men, one of whom he casually knew, held insufficient); and United States v. Preston, 331 F.Supp. 457 (D.D.C.1971) (presence in stairwell of apartment building, apartment window screen cut, apartment unlocked from inside, and fibers on shoes similar to apartment's bedroom rug held insufficient; fiber evidence held inconclusive under the circumstances).

The parties are in agreement respecting the law on appeal as to the standard of review. Moreover, we see no useful purpose in restating those familiar axioms respecting availability of inferences and exclusion of hypotheses of innocence.

The evidence in the instant case established that the premises were broken into in the middle of the night. Burglar tools were found in the building. Appellant and his codefendant were seen walking away from the building less than two minutes after the burglar alarm was activated. During the few minutes between the break-in, which triggered the alarm, and the arrival of the police, duffel bags had been filled with merchandise kept on the premises. Appellant, upon seeing the police, fled with his codefendant and both were apprehended several blocks away, at which time appellant gave two conflicting and improbable explanations to the police as to the reason for his being there.

It is significant that the duffel bags gave the appearance of having been hastily filled with merchandise. Appellant and his codefendant were first seen about five feet from the entrance of the premises. They fled upon seeing the approaching police car, and were apprehended by other officers who saw the two running side-by-side. When those police officers were visible, the two slowed down to a walking pace. The conflicting explanation offered by appellant was that they had been "using the telephone in the bathroom." When the officer observed the impossibility of that explanation, appellant changed it by asserting that they were going to use a telephone at a nearby service station. Cf. Arrington v. United States, D.C.App., 311 A.2d 838, 840 (1973). It was also established that the codefendant had had prior business dealings with the burglarized wholesale firm as a retail dealer in the merchandise assembled for removal. Within the week, he had been refused more credit. Thus, it may be said that inferentially he had a motive for the attempted theft.

Also of considerable significance is proof that some of the merchandise which had been assembled (cartons of phonograph "needles") would have had actual value only to one in the retail business since either a catalog to cross-reference the styluses to a compatible phonograph would have been necessary, or "quite a bit of experience" would be required to sell them to customers. Moreover, the codefendant, during the time of his earlier business dealings, had been seen by the owners of the business driving a car belonging to his sister. That car was found parked near the scene. By inference, it could have been there for the purpose of spiriting away the assembled booty once the two brought the car from its less obvious place to the doorway of the building.

We conclude that these aspects of the proof sufficiently distinguish this case from the cases relied on by appellant and are enough on which to base the conviction. While those cases are not clearly inappo-

site to this one, none combine with presence at the scene so many factors pointing toward guilt. It may be that any one of those factors could be viewed as inconclusive when coupled alone with presence, but we hold, that when taken together, they are enough. Reduced to descriptive shorthand, this record reveals: (1) appellant in very close physical and time proximity to the scene; (2) flight; (3) an attempt to cover flight just before arrest; (4) an improbable and inconsistent explanation of conduct; (5) an episode-association with one (a) who was motivated to commit the offense, (b) who was highly and most peculiarly capable of benefiting from the theft, and (c) who had a car parked nearby to facilitate removal of the stolen goods.

The judgment of conviction is therefore

Affirmed.