**Henry B. JOHNSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 7902.**

District of Columbia Court of Appeals.

Argued June 25, 1974.

Decided April 22, 1975.
Rehearing en Banc Denied June 23, 1975.

Roger C. Simmons, Washington, D. C., appointed by this court, with whom Harold F. Baker, Washington, D. C., was on the brief, for appellant.

Garey G. Stark, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and James F. McMullin, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and GALLAGHER and YEAGLEY, Associate Judges.

1. D.C.Code 1973, § 22–505(a).

2. 18 U.S.C. § 3500 (1970).

YEAGLEY, Associate Judge:

This case comes before us again following a remand of defendant's appeal from a conviction for assaulting a correctional officer [1] at the District of Columbia Jail. The case was remanded for the trial court to hold a further hearing regarding the government's inability to produce a witness' disciplinary report in response to a defense motion under the Jencks Act.[2] All other issues were resolved in favor of the government on the first appeal.[3] On remand the trial court found that although the government was negligent in failing to produce or account for the missing Jencks Act material, "no bad faith or gross negligence formed a part of the government's loss". It concluded that the imposition of Jencks Act sanctions was not called for and would not be in the interest of justice. We find that the trial court properly followed the instructions set out in our remand order and that the factual conclusions reached in the remand proceedings were reasonable. Consequently, we affirm.

Since the circumstances surrounding the assault, the writing of the disciplinary report, and the government's inability to produce it at trial were set forth in detail on appellant's first appeal, they need only be briefly summarized here. The appellant, an inmate of the Lorton Reformatory, was at the District of Columbia Jail awaiting a medical examination at the time of the assault. The assault victim, a correctional officer at the District of Columbia Jail, testified in the original trial that after he had been assaulted by the appellant, a prisoner, he had written a brief disciplinary report (D.R.) regarding the incident. Appellant thereupon moved for production of the document under the Jencks Act, or, in the alternative, for the witness' testimony

3. Johnson v. United States, D.C.App., 298 A.2d 516 (1972).

to be stricken.[4] When the government was unable to produce the report, the trial court, after a hearing, ruled that it had been a "good faith" loss and denied appellant's motions to strike the witness' testimony and for a mistrial. Because we found that the Jencks Act hearing was inadequate, we remanded for a more detailed hearing regarding the loss of the disciplinary report, directing the trial court that:

> If [the D.R.] is still missing the court will have to make a new finding on the issue of good faith loss. If the court finds that the report's disappearance was the result of bad faith or gross negligence upon the part of the Government, it *must* impose the sanctions provided by the Jencks Act. (Citation omitted.) But if the court finds otherwise the conviction *may* stand, subject, of course, to further review by this court. [Johnson v. United States, D.C.App., 298 A.2d 516, 519–20 (1972) (emphasis added).]

After receiving over 270 pages of testimony from eleven witnesses, the trial court on remand made detailed findings of fact and conclusions of law concerning the lost report. It found that "normal procedures at Lorton and D. C. Jail called for preservation of disciplinary reports" by retaining the reports in the prisoner's file at the record center of each institution. It further found that the standard procedures had been followed in this case, and that there was no evidence of bad faith on the part of the government. There was testimony that the D.R. was in appellant's file at Lorton when it was pulled at the request of the prosecution, but it could not be located when the file was examined after its arrival at D. C. Jail.[5] Although the file was found to have been transported in accord with the customary practice, the standard procedure was somewhat negligently conceived in that after files were removed from the record center at Lorton

they were allowed to remain for some time in the Lorton Control Center to which some prisoners who were employed there had access. The court also found, however, that one or two officers were always on duty there and when the file was brought in it was securely bound together with two other files. It was further found that the prosecutor made "strong entreaties" to correctional officials to locate the missing D.R., but was negligent in failing to recheck to be sure a diligent search was being made in response to his request. On the basis of these findings the trial court concluded that the D.R. "must logically be held as irretrievably lost" and that, although the government had been negligent in losing the report, "no bad faith or gross negligence formed a part of the government's loss". The court then held "that the ends of justice will best be served by denying the defendant's renewed motion for striking testimony and ordering a new trial and by allowing the conviction in this case to stand."

We must uphold findings of fact made by the trial court in matters such as this unless they are "clearly erroneous". Campbell v. United States, 373 U.S. 487, 493–95, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963). A review of the record on remand indicates that the findings of the trial court were carefully considered and were amply supported by the evidence. Although it is apparent from the testimony of employees of the Lorton Reformatory that the filing system at the institution was something less than efficient and precise, and that there was an "absence of uniform practices within the D. C. Corrections Department in regard to the preservation of inmate records", we accept the trial court's conclusion that these deficiencies were not the product of bad faith and did not rise to the level of gross negligence.

4. The D.R. set forth where the assault occurred, when and at what time, with whom, whether anyone else was involved and generally what happened.

5. At the time of the incident, no copies were made of disciplinary reports and the original was kept in the prisoner's file in the Lorton Record Center.

■ We furthermore find that the trial court did not abuse its discretion in failing to apply sanctions against the government. In our remand order we instructed the trial court that if the loss were found to be the result of bad faith or gross negligence, the Jencks Act sanctions must necessarily be imposed; it was left to the trial court's discretion, however, to determine whether or not sanctions would, be appropriate if something less than gross negligence were found. Johnson v. United States, *supra,* 298 A.2d at 519–20. We refrain now, as we did then, from setting a more precise standard for the imposition of Jencks Act sanctions when discoverable documents are lost by noninvestigatory agencies.

■ In so ruling we recognized that the Circuit Court announced in United States v. Bryant, 145 U.S.App.D.C. 259, 448 F.2d 1182 (*Bryant* II) aff'g after remand, 142 U.S.App.D.C. 132, 439 F.2d 642 (*Bryant* I) (1971), that

in the future, federal investigatory agencies must promulgate and rigorously enforce rules designed to preserve all discoverable evidence and that nonpreservation caused by failure to follow the rules, whether in bad faith or mere negligence, will result in imposition of full sanctions. [*Bryant* II, 145 U.S.App.D.C. at 260, 448 F.2d at 1183.]

*See also Bryant* I, *supra,* 142 U.S.App.D.C. at 142, 439 F.2d at 652. The rule in *Bryant* I and *Bryant* II was limited by its own terms to "federal investigatory agencies" and is not a rule suitable for strict application to the preservation of all Lorton Reformatory records. They are not the product of investigations. In accord with this view is United States v. Butler, 499 F.2d 1006 (D.C.Cir. 1974), in which possible Jencks Act sanctions were considered for the failure of the District of Co-

lumbia Jail to preserve a certain medical report. The Circuit Court there stated:

This discussion in *Bryant,* however, is directed to the obligation of investigative agencies and cannot be applied unqualifiedly to the authorities at the jail in this case, for they cannot reasonably be held to have construed these obligations of establishing preservation procedures as intended for them as well as investigative agencies. Nevertheless, there was a general obligation upon the custodial authorities to preserve evidence obtained by them which might be relevant and material to the case involving appellant. [499 F.2d at 1008.]

■ While the rule of the *Bryant* cases may not be strictly applicable to noninvestigatory agencies, it is of considerable instructive value to them. The officials at Lorton Reformatory must be held to a reasonably high degree of care in establishing and administering a filing system for the safekeeping of its records and in providing reasonable security to protect the integrity of the system.

■ The Department of Corrections must be mindful that so long as its inmates and personnel are involved in litigation, the courts will expect it to produce relevant records on demand. We suggest that the Department give some priority to implementing regulations that will provide it with a reasonably modern and efficient filing and control system.[6] The lack of regular and effective procedures for maintaining records will be one factor to be considered by trial courts in imposing Jencks Act sanctions in future cases.

Having found that the ruling of the trial court was within its discretion and supported by the evidence, the judgment of the trial court is accordingly

Affirmed.

---

6. The findings of the trial court on remand make reference to the shortcomings it noted in the Lorton records system.