Kenneth **MONTGOMERY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 10518.

District of Columbia Court of Appeals.

Argued Sept. 23, 1977.

Decided March 28, 1978.

David Albert Mustone, law student counsel (LS # 1335) Joseph Rubin, Washington, D. C., supervising atty., appointed by this court, for appellant.

Sallie H. Helm, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Robert I. Richter and Jonathan Lash, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was convicted of attempted petit larceny (D.C.Code 1973, §§ 22–2202 and –103). The following is a summary of the evidence which provided the basis for his conviction. On July 16, 1975, at approximately 4 p. m., a saleswoman at the Woodward & Lothrop downtown department store observed appellant and his codefendant, Bill Robinson, enter the linen department on the fifth floor. Robinson was carrying a folded bag under his arm. The two men proceeded to inspect the linens on display in the department. As the saleswoman stood nearby and observed, Robinson placed certain items of linen into the bag he was carrying. The saleswoman indicated that she could not see what appellant was doing because "he was going around and he was so close, and he was just kind of

looking all ways." A few moments later, a second saleswoman also began to watch appellant and Robinson. She did not see them do anything other than handle the merchandise.

After standing at the linen display, appellant and his companion walked around the linen department and then walked over to the elevators. Robinson carried the bag containing the items of linen the entire time. The first saleswoman testified that, during this time, he was always walking ahead of appellant.

As appellant and Robinson approached the elevators, a store detective arrived on the fifth floor and began to follow the two men. When Robinson noticed that the officer was following him, he set the bag down by the escalator on the fifth floor and then got on the escalator going down. The officer stepped on behind him, and appellant got on behind the officer. As they were going down the escalator, Robinson began walking hurriedly with the officer in pursuit. Appellant was left behind. When he reached the first floor, appellant walked out through the 11th Street exit, and went to a public telephone across the street, where he was apprehended several minutes later.

The store detective testified that several months after the incident, appellant approached him and attempted to influence his testimony by offering him $100. Two defense witnesses controverted this testimony.

■ Appellant raises a number of issues before this court. Three of his contentions merit discussion.[1]

1. Appellant's other contentions may be dismissed summarily. The first is that he should have been granted a separate trial. Whether defendants should be tried together or severally is within the sound discretion of the trial judge. *E. g., Smith v. United States,* D.C.App., 315 A.2d 163, 168 (1974); Super.Ct.Cr.R. 14. That decision is not subject to review except for abuse. *Jackson v. United States,* D.C.App., 329 A.2d 782, 787 (1974), *cert. denied,* 423 U.S. 851, 96 S.Ct. 95, 46 L.Ed.2d 74 (1975). We find no abuse of discretion.

I.

Appellant's first claim is that the trial court erred in denying his motion for judgment of acquittal. The motion was made at the close of the government's case-in-chief and was renewed after appellant presented his defense.

■ In determining whether the government has introduced sufficient evidence to sustain a conviction, the trial court must consider whether a reasonable juror could, on the evidence, find the defendant guilty beyond a reasonable doubt. If the court should find that any reasonable juror must necessarily have a reasonable doubt, it should grant the motion for judgment of acquittal. *E. g., Crawford v. United States,* 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); *Curley v. United States,* 81 U.S.App.D.C. 389, 392–93, 160 F.2d 229, 232–33, *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

■ It is well established that one who knowingly participates in the commission of a criminal act by assisting the principal is equally liable. *See* D.C.Code 1973, § 22–105; *Nye & Nissen v. United States,* 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949). Also well established is the principle that presence at the scene of a crime, even when coupled with knowledge that a crime is being committed, is generally not enough to constitute aiding and abetting. *E. g., Perry v. United States,* D.C.App., 276 A.2d 719 (1971); *Bailey v. United States,* 135 U.S.App.D.C. 95, 98, 416 F.2d 1110, 1113 (1969). An act of relatively slight moment, however, when coupled with knowledge, may warrant a finding of participation in the crime. *United States v. Camarillo,* 431 F.2d 616, 619 (9th Cir. 1970). Furthermore,

Appellant's other claim is that the trial court erred in relying on the government's assertion that it had no statements from the second saleswoman other than the PD 163 form which it had already turned over to defense counsel. In the absence of any foundation establishing that a statement of the witness was recorded, nothing more is required. *United States v. Resnick,* 483 F.2d 354 (5th Cir.), *cert. denied,* 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973).

as Judge Friendly stated in *United States v. Garguilo,* 310 F.2d 249, 253 (2d Cir. 1962):

[P]articipation may be proved by circumstantial evidence, as in *United States v. Lefkowitz,* 284 F.2d 310, 315–316 (2 Cir. 1960), where we held that defendant Dryja's fingerprints on stolen cartons, together with evidence tending to negate the possibility of his having had access to them at the point of origin, permitted an inference that he had handled them after the theft, and, since other evidence tended to show guilty knowledge, that submission to the jury was proper. There may even be instances where the mere presence of a defendant at the scene of a crime he knows is being committed will permit a jury to be convinced beyond a reasonable doubt that the defendant sought "by his action to make it succeed" —for example, the attendance of a 250-pound bruiser at a shakedown as a companion to the extortionist, or the maintenance at the scene of crime of someone useful as a lookout.

Here, appellant, argues that the evidence was not sufficient to show that he sanctioned or promoted the theft committed by Robinson. He claims that the most the government's evidence could prove is that he was in the linen department with knowledge that his companion was stealing sheets. We find these assertions unpersuasive.

 The evidence introduced by the government showed that the two men entered the linen department together. The uncontroverted testimony of the first saleswoman indicated that as Robinson put the sheets in the bag, appellant stood close to him and was continuously looking around. The two men then departed hastily from the department and the store.[2] These facts give rise to the inference that appellant was not only present in the linen department with knowledge that Robinson was stealing sheets, but also served as lookout while his companion placed the sheets in the bag. Appellant's complicity is further supported by his subsequent attempt to bribe the store detective.[3]

Appellant relies on *Bailey v. United States, supra,* to sustain his claim that the facts here are not sufficient to support a conviction as an aider and abettor. In *Bailey,* the defendant was first seen across the street from the market where the robbery occurred, shooting dice with the man who later committed the crime. As the victim came out of the market, appellant and the perpetrator were several feet away, standing together. Just prior to the robbery, the defendant walked about ten feet from the robber and remained there during the robbery. When someone nearby yelled, "Look, they're robbing him" *both* the defendant and the robber ran away in the same direction. *Id.* In finding that this evidence was insufficient to support the defendant's conviction as an aider and abettor, the court stated that

guilt, as a factual deduction, must be predicated upon a firmer foundation than a combination of *unelucidated* presence and *unelucidated* flight. Here there was no *evidentiary manifestation* that the appellant was prompted by subjective considerations related in any wise to the

---

**2.** While flight alone does not imply guilt, *Austin v. United States,* 134 U.S.App.D.C. 259, 261, 414 F.2d 1155, 1157 (1969), it cannot be ignored when other incriminating circumstances are present. *Forsyth v. United States,* D.C.App., 318 A.2d 292 (1974); *In re T.J.W.,* D.C.App., 294 A.2d 174 (1972). In this case, as in *United States v. McCall,* 148 U.S.App.D.C. 444, 449, 460 F.2d 952, 957 (1972), "[j]uxtaposition of time and place under the instant circumstances" makes it highly unlikely that appellant's flight with the thief was innocent.

**3.** Evidence of conduct designed to fabricate testimony or to impede or prevent a witness from testifying is circumstantial evidence of consciousness of guilt. *E. g., Harvey v. United States,* 94 U.S.App.D.C. 303, 304, 215 F.2d 330, 331 (1954); *United States v. Flick,* 516 F.2d 489, 495 (7th Cir.), *cert. denied,* 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 260 (1975); *United States v. Alberti,* 470 F.2d 878, 882 (2d Cir. 1972), *cert. denied,* 411 U.S. 919, 93 S.Ct. 1557, 36 L.Ed.2d 311 (1973); *United States v. Culotta,* 413 F.2d 1343, 1346 (2d Cir. 1969), *cert. denied,* 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510 (1970); *United States v. Wilkins,* 385 F.2d 465, 472 (4th Cir. 1967), *cert. denied,* 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1144 (1968).

crime. . . . Absent anything more, there was no more basis for attributing his flight to complicity in the robbery than to a purpose consistent with innocence. [*Id.* at 100, 416 F.2d at 1115 (emphasis added).]

We find appellant's reliance on *Bailey* to be misplaced. Although the cases are somewhat similar, appellant's proximity to Robinson at the time the sheets were placed in the bag, and the manner in which he was continuously looking around suggest that he was serving as lookout and therefore distinguish this case from *Bailey*, where the evidence showed only that the defendant was present while his friend committed the robbery.

■ We hold that in this case a reasonable juror could find beyond a reasonable doubt that appellant promoted the theft by serving as lookout, and hence that he was aiding and abetting Robinson, *see People v. Ellhamer*, 199 Cal.App.2d 777, 18 Cal.Rptr. 905 (1962); *Veney v. State*, 225 Md. 237, 170 A.2d 171 (1961). Consequently, the trial court did not err in denying appellant's motion for a judgment of acquittal.

## II.

Appellant's second claim relates to his request for an instruction as to the defense's theory of the case,[4] or in the alternative, a more limited instruction that mere presence and knowledge of a crime are not sufficient to constitute aiding and abetting. The trial court denied the proposed instructions on the grounds that the other parties would be prejudiced thereby.

■ The settled law in this jurisdiction is that a defendant is entitled to an instruction on his theory of the case when properly requested by counsel and when the theory is supported by any evidence. *E. g., Williams v. United States*, D.C.App., 337 A.2d 772, 774 (1975); *Brooke v. United States*, 128 U.S.App.D.C. 19, 24, 385 F.2d 279, 284 (1967); *Salley v. United States*, 122 U.S. App.D.C. 359, 360, 353 F.2d 897, 898 (1965).

[A]n accused is entitled to an instruction . . . if there is "any evidence fairly tending to bear upon the issue . . .", however weak, and that the court may not intrude on the province of the jury which may find credibility in testimony that the judge may consider completely overborne by the "simply overwhelming" evidence of the prosecutor. [*Belton v. United States*, 127 U.S.App.D.C. 201, 206, 382 F.2d 150, 155 (1967), *quoting Stevenson v. United States*, 162 U.S. 313, 315, 323, 16 S.Ct. 839, 40 L.Ed. 980 (1896); *accord Rhodes v. United States*, D.C.App., 354 A.2d 863, 864 (1976).]

However, a trial court need not "rehearse the evidence, especially where the effect would be . . . to give special emphasis to the defendant's testimony." *Laughlin v. United States*, 128 U.S.App.D.C. 27, 34, 385 F.2d 287, 294 (1967), *cert. denied*, 390 U.S. 1003, 88 S.Ct. 1245, 20 L.Ed.2d 103 (1968).

In this case, the defense theory was that appellant was present at the scene of the crime and knew of his codefendant's actions but did not in any way encourage or assist him. He contends that there was evidence from which the jury could have inferred that appellant did not participate in the theft and was only a "knowing spectator."

4. The requested defense theory instruction was as follows:

The theory of [Montgomery's] defense is that he was with [Robinson] in Woodward and Lothrop but did not participate in the alleged theft.

If, upon a consideration of all of the physical and testimonial evidence presented in this case, you should find that [Montgomery] was shopping in the linen department of Woodward and Lothrop and was with [Robinson] at the time of the alleged theft, but that

[Montgomery] in no manner participated in the theft as something he wished to bring about or sought by any action on his part to make succeed, then you must find [Montgomery] not guilty.

[Montgomery's] mere presence at the scene of the crime and knowledge that a crime is being committed are not sufficient to establish [Montgomery] aided and abetted the crime, unless you find beyond reasonable doubt that [Montgomery] was a participant and not merely a knowing spectator.

■ In determining whether the trial court has erred in failing to give a requested instruction, we must consider the instructions given in their entirety. *United States v. Nance,* 502 F.2d 615, 619–20 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975); *United States v. Bessesen,* 445 F.2d 463, 468 (7th Cir.), *cert. denied,* 404 U.S. 984, 92 S.Ct. 448, 30 L.Ed.2d 368 (1971). Here, the trial court instructed the jury as follows:

A person aids and abets another in the commission of a crime if he knowingly associates himself in some way with the criminal venture, with the intent to commit the crime, participates in it as something he wishes to bring about, and seeks by some action of his own to make it succeed.

Some conduct by the defendant of an affirmative character in furtherance of a common criminal design is necessary. Mere physical presence by the defendant at the time and place of the commission of an offense is not sufficient of itself to establish guilt. It is not necessary that any specific time or method of committing an offense shall have been advised or commanded, or that it shall have been committed in a particular way. Nor is it necessary that there shall have been any direct communication between the perpetrator and the defendant, aiding and abetting.

■ Taken as a whole, these instructions fully expressed the legal principle that knowledge of criminal activity and presence are not alone sufficient to convict a person as an aider and abettor. Although we disagree with the trial court's conclusion that a more specific instruction would have been prejudicial to the government or the defendant, we find that the instructions here were more than adequate.

### III.

Appellant's final claim is that the trial court committed reversible error by failing to impose sanctions for the loss of a PD 163

form filled out by the store detective at the time of appellant's arrest. We disagree.

After appellant was brought back to the store by a Metropolitan Police officer, he was taken to the security office where he was detained until the arrival of a Metropolitan Police transport vehicle. Upon arrival of the police vehicle, the officers reviewed the PD 163 forms filled out on both men. The officers concluded that the form on appellant did not charge him with a crime and therefore refused to transport him. An unidentified Metropolitan Police sergeant told the store detective to rewrite the entire PD 163 form and to destroy the original. He complied with the sergeant's request and the police then transported appellant for booking.

The store detective testified at a pretrial hearing, and at trial, on the problems concerning the original PD 163 form. According to him:

As to the defendant and co-defendant, and what [the saleswoman] had saw *[sic]*, it wasn't worded right. He [the sergeant] couldn't understand it. He said to state the fact that [the saleswoman] did state that she saw him, that she saw the two of them remove merchandise.

On the basis of this testimony, the court found that the form had not been destroyed in bad faith or to prevent the disclosure of information. The court said:

Obviously, the way I understand his testimony, he left out something really. He left out the testimony of some other person's statements.

At the close of the hearing, and at trial, requests to strike the store detective's testimony were denied. At trial, the court also refused to dismiss the charges against appellant as a sanction for destruction of the statement, or to give a missing evidence instruction.

■ Along with the duty to disclose, the government has the duty to preserve statements of witnesses covered by the Jencks Act, 18 U.S.C. § 3500 (1970).[5] *United*

---

5. The PD 163 form in this case was subject to production under 18 U.S.C. § 3500(e)(1) (1970).

*United States v. Johnson,* 521 F.2d 1318 (9th Cir. 1975).

*States v. Perry,* 153 U.S.App.D.C. 89, 471 F.2d 1057 (1972); *United States v. Bryant,* 142 U.S.App.D.C. 132, 439 F.2d 642, *aff'd after remand,* 145 U.S.App.D.C. 259, 448 F.2d 1182 (1971). "Otherwise, disclosure might be avoided by destroying vital evidence, before prosecution begins or before defendants hear of its existence." *United States v. Bryant, supra* at 141, 439 F.2d at 650–51. This duty extends not only to the prosecutor, but to the government as a whole, including its investigative agencies. *Johnson v. United States,* D.C.App., 336 A.2d 545, 548 (1975), *cert. denied,* 423 U.S. 1058, 96 S.Ct. 793, 46 L.Ed.2d 648 (1976); *United States v. Bryant, supra* at 140, 439 F.2d at 650.

■ The duty of preservation is violated when such evidence is lost or destroyed as a result "of either negligence or purposeful destruction accompanied by either bad motive or bad judgment." *United States v. Perry, supra* at 99, 471 F.2d at 1067; *accord Hardy v. United States,* D.C.App., 316 A.2d 867, 870 (1974). In the present case, a police sergeant ordered the store detective to destroy the original PD 163 form and to write a new one.[6]

■ Although we do not question the trial court's finding that the form was not destroyed in bad faith or to prevent disclosure, we find that the police sergeant exercised bad judgment in ordering its destruction. Consequently, he violated his duty to preserve *Jencks* information.

■ Once a violation of the rule of preservation is found, the totality of circumstances must be considered in determining what sanction to apply. *Fields v. United States,* D.C.App., 368 A.2d 537, 541 (1977); *United States v. Quiovers,* 176 U.S. App.D.C. 265, 539 F.2d 744 (1976). In fashioning the appropriate sanction, the court should "weigh the degree of negligence or bad faith involved, the importance of the evidence lost, and the evidence of guilt adduced at trial in order to come to a determination that will serve the ends of justice." *United States v. Bryant, supra,* 142 U.S. App.D.C. at 143, 439 F.2d at 653. The decision as to the appropriate sanction, however, is left to the discretion of the trial judge and that decision will be reversed only if shown to be an abuse of discretion. *March v. United States,* D.C.App., 362 A.2d 691, 702 (1976).

■ Although the evidence of guilt was not overwhelming, we find that the court did not abuse its discretion in refusing to dismiss the charges against appellant or strike the store detective's testimony.[7] The court found that there was no element of bad faith or desire for concealment. To the contrary, the second PD 163 form apparently contained more information than the first. Furthermore, the store detective's testimony was not critical to appellant's conviction. He was not a witness to the

---

**6.** We note that the police sergeant's command was in violation of Metropolitan General Order series 601 No. 2. Section 2 of Part I of that Order states that "members of the department *shall preserve all potentially discoverable material,* including any such material *which might prove favorable* to an accused. [Emphasis added.] *See Hardy v. United States, supra.* Section B states:

Potentially discoverable material includes, but is not necessarily limited to, such items as tangible documents, reports . . . .
The following are examples:
1. Any written statement made by a witness . . . and signed or otherwise adopted or approved by him;

. . . . .

6. All other materials which reasonably may be expected to be relevant in a criminal judicial proceeding. Any doubt as to wheth-

er a particular item may be relevant and therefore preservable *shall be resolved in favor of preservation* pursuant to the terms of this order. [Emphasis added.]
General Order 601, No. 2 was promulgated in direct response to *United States v. Bryant, supra. See, e. g., Banks v. United States,* D.C. App., 305 A.2d 256, 259 (1973) (Gallagher, J., concurring); *Hardy v. United States, supra* at 870.

**7.** We need not consider whether a missing evidence instruction would have been appropriate, *see United States v. Bundy,* 153 U.S.App.D.C. 191, 194, 472 F.2d 1266, 1269 (1972) (Leventhal, J., concurring), since appellant failed to request such an instruction at the appropriate time. *See United States v. Kahaner,* 317 F.2d 459, 477 (2d Cir.), *cert. denied,* 375 U.S. 835, 84 S.Ct. 62, 11 L.Ed.2d 65 (1963); *United States v. Strassman,* 241 F.2d 784, 786 (2d Cir. 1957).

actual taking. Where his testimony dealt with appellant, it was corroborated by other witnesses. We therefore find that the lost PD 163 form would have been of little assistance to appellant.

■ Finally, appellant contends that the doctrine of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), compels reversal. We recently held, however, that the principles of *Brady* do not apply when there is only a remote possibility that the evidence which the government failed to produce might have been favorable to the accused. *March v. United States, supra* at 703. For the reasons set forth above, we find no reason to believe the lost PD 163 form contained any information that did not appear on the final form that would rise to the level of materiality contemplated by *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and *Brady.*

The judgment of conviction is

*Affirmed.*