**William T. PERRY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 5575.

District of Columbia Court of Appeals.

Argued April 6, 1971.

Decided May 5, 1971.

George C. Dreos, Washington, D. C., appointed by this court, for appellant.

Robert S. Tignor, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and John A. McCahill, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

PER CURIAM.

Appellant and a codefendant, one Stewart, were convicted of attempted burglary in the second degree and attempted petit larceny.[1] Appellant contends the evidence was not sufficient to support his conviction and we agree.

On a Sunday morning two police officers saw appellant standing about 2 feet in front of a broken front window of a store. In answer to their questions appellant denied any knowledge of the breaking. He was asked to remain on the street while the officers entered the store. They entered and observed that the store's freezer was wide open, and saw near the front entrance of the store a large box containing assorted frozen meats and cigarettes. Hearing noises in the basement the officers went there and found two men, Stewart and one Moore. Both were arrested and taken to the street. Appellant was still waiting in front of the store and he was then arrested. Apparently he was arrested because, according to one officer, Stewart had said appellant was acting as a lookout. The statement was not made in appellant's presence, and the trial court properly ruled it was not admissible against appellant. On the stand Stewart denied making such statement.

In summary, the only evidence against appellant was that he was standing in front of the broken window of a store that was being burglarized by two other men, with one of whom he had a casual acquaintance. In our opinion this evidence, while perhaps raising a possibility or even strong suspicion of participation in the criminal activity,

1. D.C.Code 1967, § 22–103; § 22–1801(b) (Supp. III, 1970) and § 22–2202.

was not sufficient for finding appellant guilty beyond a reasonable doubt.

Reversed with instructions to enter a judgment of acquittal.