Commonwealth *v.* Manson, Appellant.

528

Submitted June 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joshua M. Briskin,* and *Glickstein & Briskin,* for appellant.

*Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,*

Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

The only issue in this appeal is whether the Commonwealth's evidence was sufficient to convict the appellant of burglary, conspiracy and unlawful taking of property.

On August 14, 1973, Officer Anthony Neely of the Philadelphia Police Department received a radio call instructing him to investigate a burglary at 5479 Euclid Street. When he arrived at the premises, he saw a co-defendant, James White, on the porch of the adjoining property and stopped him. The officer then went to the side of the building and saw appellant standing near a window. The window had been boarded up, but several boards were missing. The officer observed a pile of household goods inside the house and next to the window. In a disabled car parked on the street, the police discovered items later determined to have been taken from the house. The owner of the premises testified that prior to his leaving in the morning nothing had been piled in front of the window, and that the window had been completely boarded.

Appellant made no attempt to flee and was informed by Officer Neely that he was under arrest for suspicion of burglary. At trial, defendant presented no defense. On the basis of the evidence presented by the Commonwealth, the Court found the appellant guilty on all counts.

It is axiomatic that the test for sufficiency of the evidence is whether accepting as true all of the evidence upon which the fact-finder could properly have based its verdict, the evidence was sufficient in law to prove beyond a reasonable doubt that the appellant was guilty of the crimes charged. *Commonwealth v. Tabb,* 417 Pa.

13, 207 A. 2d 884 (1965). Although a conviction may be sustained on the basis of circumstantial evidence alone, it may not rest upon conjecture or surmise. *Commonwealth v. Cohen,* 203 Pa. Superior Ct. 34, 199 A. 2d 139 (1964). Recognizing this, it is well established that the mere presence of an individual at the scene of a crime is not sufficient circumstance upon which a finding of guilt may be predicated. *Commonwealth v. Bailey,* 448 Pa. 224, 292 A. 2d 345 (1972); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966); *Commonwealth v. Craft,* 215 Pa. Superior Ct. 477, 258 A. 2d 537 (1969).

In *Commonwealth v. Roscioli,* 454 Pa. 59, 309 A. 2d 396 (1973), the defendant was apprehended outside of premises which were in the process of being burglarized. When first observed by the police, defendant was standing near the window from which a pane of glass had been removed to gain entry. When defendant saw the police approaching in a patrol car, he attempted to flee. The court held that the inference of guilt from appellant's presence at the point of entry of burglarized premises was impermissible, and that appellant's flight from the scene was not of sufficient probative value to sustain the conviction even when considered with the fact of appellant's presence at the scene. The Court stated that the conclusions sought to be derived from these circumstances "depend too much on conjecture, [and that] a criminal conviction based wholly on inference, suspicion and conjecture may not stand." 454 Pa. at 67.

The Court in *Roscioli* relied upon a case with facts strikingly similar to the instant case. In *Perry v. United States,* 276 A. 2d 719 (D.C.C.A. 1971), the appellant was seen standing two feet from a broken front window of a store. Inside the store and near the window a box containing meats taken from the store's freezer was found. Two men with whom appellant was acquainted were apprehended inside the store. The District of Co-

lumbia Court of Appeals held this evidence, while raising a suspicion of participation in criminal activity, was not sufficient to sustain a conviction for burglary.

The facts of the instant case are even weaker than those found to be insufficient in *Roscioli* and *Perry*. There was no indication of either flight or acquaintance with persons caught in the act of perpetrating the burglary. The Commonwealth's evidence consisted of nothing more than appellant's presence near the point of entry to the burglarized premises. A conviction on the basis of this evidence alone cannot stand.[1]

The judgment of sentence is reversed, the conviction vacated, and the appellant is ordered discharged.

---

[1] The dissenting opinion urges that the appellant's conviction should be affirmed. Upon "arrest", appellant told a police officer that he did not go into the premises but that the "other two guys" did. The dissent construes this explanation as an inculpatory statement supplying sufficient circumstantial evidence to bolster the unexplained presence of the accused at the scene of the crime. See, *Commonwealth v. Garrett*, supra. Appellant's spontaneous declaration is, we believe, consistent with his innocence. Certainly, as a potential witness, the appellant may have been testifying as to his observations of the actual burglars within the premises. The dissent interprets the words to mean: "I was involved in this burglary but I didn't go as far as these two guys." Such an interpretation is not persuasive upon this Court. Absent clear and credible evidence to establish the appellant's participation in the crime, we cannot sustain a conviction premised on mere presence and, at best, an ambiguous declaration by the appellant. *Cf., Commonwealth v. Fortune*, 456 Pa. 365, 318 A. 2d 327 (1974).

---

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the opinion of the majority.

In this case, a Philadelphia police officer, having received a radio call instructing him to investigate a burglary at 5479 Euclid Street, proceeded there, arriving

at about 1:30 P.M. When he arrived at the premises, he saw a co-defendant, James White, on the porch of the adjoining property without an invitation to be there. At the side of the building he saw the appellant standing at a window looking into it. The window had been boarded up but the boards had been torn off and the window broken. When he informed the appellant that he was a suspect, the appellant said that he did not go into the premises, the other guys did. Inside the building next to the window was a pile of household goods, and parked on the street in a disabled condition was found a car loaded with clothes, tools and a box of toys taken from the premises without permission of the owner. The trial judge, sitting without a jury, upon these facts found the defendant guilty of conspiracy, theft and burglary. It seems to be obvious that the police officer came upon the scene of this burglary when it was partially completed and to some degree still in progress. The statement of the appellant Manson that he didn't go into the premises but the other two guys did is the same as saying to the officer, "I was involved in this burglary but I didn't go as far as these two guys".[1]

I believe the evidence is sufficient to sustain the conviction in this case, and that the judgment of the trial judge should be affirmed.

WATKINS, P. J., joins in this dissenting opinion.

---

[1] The majority opinion doesn't mention the statement which Manson made to the police officer, which statement is an extremely important and significant part of the evidence.