444 A.2d 729

**COMMONWEALTH of Pennsylvania**

v.

**Ronald JONES, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1981.

Filed April 16, 1982.

200

Julius E. Fioravanti, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

OPINION BY WIEAND, Judge:

Ronald Jones was tried by a jury and found guilty of attempted burglary,[1] criminal trespass[2] and conspiracy.[3] Post trial motions were denied, and appellant was sentenced for attempted burglary and conspiracy to concurrent terms of imprisonment for not less than four nor more than ten years. On direct appeal he contends that the evidence was insufficient to sustain the convictions and that trial counsel was variously ineffective. We find no merit in these arguments and affirm the judgments of sentence.

The evidence established that on September 21, 1978, at approximately 12:10 a. m., Police Officer Thomas Christy, in response to a call, arrived in the 2900 block of North Fifth Street in Philadelphia where he observed other policemen in front of 2907 and four or five figures on the roofs of 2907

1. 18 Pa.C.S.A. §§ 901, 3502.

2. 18 Pa.C.S.A. § 3503.

3. 18 Pa.C.S.A. § 903.

and 2909. Having previously learned of a burglary in process, he went to the alley at the rear of the buildings and climbed to the roof of a home to the north of 2907. Moving across the rooftops, he saw several figures running on the roof of 2907. When one of the running persons came within twenty (20) feet of Christy, he caught him in the glow of his flashlight and ordered him to stop. He observed a black male, approximately 6'1" in height, wearing khaki colored trousers and shirt. Christy lost sight of this person but found him again moments later beneath him, in the alley between the homes. There he was hiding in a doorway. Appellant was arrested and taken into custody, together with another male who was also found hiding in the alley. A search of appellant's person produced no incriminating evidence. However, examination of the premises at 2909 yielded two chisels, a hammer and a torch lying on the floor of the laundromat there housed. Above them was a hole which had been cut in the roof and from which a heavy rope had been suspended. Approximately $500 in coins had been forcibly removed from money boxes attached to machines on the premises.

■ "In appraising the sufficiency of evidence, we must apply a two-step test. First we must regard the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could properly have based its verdict; then we must ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilt beyond a reasonable doubt." *Commonwealth v. Herriott*, 265 Pa.Superior Ct. 143, 147, 401 A.2d 841, 843–44 (1979), quoting from *Commonwealth v. Eddington*, 255 Pa.Superior Ct. 25, 26, 386 A.2d 117, 117–18 (1978). The Commonwealth, although required to prove every essential element of the crime charged beyond a reasonable doubt, may rely upon circumstantial evidence to meet that burden. *See Commonwealth v. Joyner*, 489 Pa. 502, 505, 414 A.2d 1003, 1004 (1980); *Commonwealth v. Holzer*, 480 Pa. 93, 98, 389 A.2d 101, 104 (1978).

■ The evidence in the instant case, although circumstantial, was sufficient to sustain the convictions. *Compare: Commonwealth v. Whalen,* 189 Pa.Superior Ct. 351, 150 A.2d 133 (1959), *cert. denied,* 362 U.S. 944, 80 S.Ct. 809, 4 L.Ed.2d 772 (1960). Shortly after midnight, appellant was seen running across the roof of a building adjacent to a laundromat to which access had been gained through the roof. He was taken into custody by police while attempting to conceal himself in the doorway opening onto a neighboring alley. Inside the premises an attempt had been made to remove money from coin-operated laundry machines. These circumstances had greater probative value than mere presence at the scene of a crime. They were sufficient to enable a jury to infer that entry had been effected to commit the crime of theft and that appellant was a participant. Moreover, an attempt to flee or conceal oneself from the police is an additional circumstance from which guilt can be inferred. *Commonwealth v. Whack,* 482 Pa. 137, 142, 393 A.2d 417, 419 (1978); *Commonwealth v. Osborne,* 433 Pa. 297, 302–303, 249 A.2d 330, 333 (1969); *Commonwealth v. Wilson,* 294 Pa.Superior Ct. 101, 104, 439 A.2d 770, 771 (1982); *Commonwealth v. Rough,* 275 Pa.Superior Ct. 50, 62, 418 A.2d 605, 611 (1980).

Appellant's remaining contentions pertain to the alleged ineffective assistance of counsel. He contends, first, that counsel had conferred with him only twice and, therefore, was inadequately prepared for trial. "It is well settled that 'mere shortness of time spent in conference with a client does not per se establish ineffective assistance of counsel.'" *Commonwealth v. Harper,* 233 Pa.Superior Ct. 294, 299, 334 A.2d 761, 763 (1975), quoting *Commonwealth v. Owens,* 454 Pa. 268, 271, 312 A.2d 378, 380 (1973). *See also Commonwealth v. Sisco,* 482 Pa. 459, 393 A.2d 1197 (1978); *Commonwealth v. Hill,* 450 Pa. 477, 481 n.4, 301 A.2d 587, 590 n.4 (1973); *Commonwealth v. Woody,* 440 Pa. 569, 271 A.2d 477 (1970); *Commonwealth v. Nero,* 250 Pa.Superior Ct. 17, 24–25, 378 A.2d 430, 434 (1977). We have previously stated that "the time actually spent by counsel with the accused

discussing his case is not necessarily related to, and affords no basis for inferring, the extent of total trial preparation." *Commonwealth v. Owens, supra* 454 Pa. at 272, 312 A.2d at 381. *See also Commonwealth v. Berry*, 440 Pa. 154, 157, 269 A.2d 921, 923 (1970).

■ Appellant has not directed our attention to any evidence of unpreparedness on the part of trial counsel and from our own review of the record, we find no evidence of inadequate preparation or unfamiliarity with the facts on the part of trial counsel. Appellant's allegations of inadequate preparation, therefore, are without merit.

■ Appellant next alleges that trial counsel was ineffective for not investigating and calling as witnesses appellant's alleged co-conspirators. The failure to call witnesses, even alleged alibi witnesses, is not per se ineffectiveness of counsel. *Commonwealth v. Owens, supra*, 454 Pa. at 274, 312 A.2d at 381–382; *Commonwealth v. Rainey*, 282 Pa.Superior Ct. 15, 422 A.2d 652 (1980); *Commonwealth v. Williams*, 274 Pa.Superior Ct. 464, 472, 418 A.2d 499, 503 (1980); *Commonwealth v. Olivencia*, 265 Pa.Superior Ct. 439, 449, 402 A.2d 519, 523 (1979); *Commonwealth v. Washington*, 239 Pa.Superior Ct. 336, 344, 361 A.2d 670, 674 (1976). Appellant had the burden of establishing that trial counsel was ineffective, *Commonwealth v. Bundridge*, 268 Pa.Superior Ct. 1, 3, 407 A.2d 406, 408 (1979); *Commonwealth v. Klaric*, 263 Pa.Superior Ct. 286, 290, 397 A.2d 1212, 1213 (1979); *Commonwealth v. Sweitzer*, 261 Pa.Superior Ct. 183, 191, 395 A.2d 1376, 1380 (1978), and to do this he had to establish not only that counsel had knowledge of the alleged witness, *Commonwealth v. Adams*, 465 Pa. 314, 321, 350 A.2d 412, 416 (1976); *Commonwealth v. Owens, supra*, 454 Pa. at 272–273, 312 A.2d at 381; *Commonwealth v. Ross*, 273 Pa.Superior Ct. 67, 71, 416 A.2d 1092, 1094 (1979), but that the missing testimony would have been helpful. *Commonwealth v. Adams, supra* 465 Pa. at 321, 350 A.2d at 416; *Commonwealth v. Williams, supra*, 274 Pa.Superior Ct. at 472–473, 418 A.2d at 503–504; *Commonwealth v. Yarbough*, 248 Pa.Superior Ct. 356, 361–362, 375 A.2d 135, 138 (1977).

■ In the instant case counsel was aware of or could have ascertained the identity of those persons who were arrested and charged with the same crime as appellant. However, appellant has failed to establish what, if any, testimony the witnesses would have given, or in what manner the testimony would have aided his cause.[4] Trial counsel, therefore, cannot be deemed ineffective for his failure to call these witnesses. *Commonwealth v. Johnson*, 479 Pa. 60, 62, 387 A.2d 834, 835 (1978); *Commonwealth v. Oliver*, 280 Pa.Superior Ct. 274, 277, 421 A.2d 719, 721 (1980); *Commonwealth v. Ross, supra*, 273 Pa.Superior Ct. at 71, 416 A.2d at 1094.

Appellant next contends that trial counsel was ineffective for failing to withdraw as appellant's counsel when appellant indicated to the trial court that he was dissatisfied with counsel's representation. On March 19, 1979, the day appellant's case was listed for trial, appellant requested that the court appoint a new attorney to represent him. Appellant stated that he wished to call his co-conspirators as witnesses but that his attorney had no plans to do so. Although he had not previously made this suggestion to counsel, he informed the court that he was dissatisfied with counsel's investigation of the case. The trial judge conducted a colloquy with appellant and trial counsel, denied appellant's motion for new counsel, and suggested that he discuss his case further with trial counsel before witnesses were to be called on the following day.

■ Trial counsel could not withdraw as counsel without leave of court under Pa.R.Crim.P. 302. Moreover, "whether a petition for change of court-appointed counsel should be granted is within the sound discretion of the trial court."

4. At the hearing on the post trial motions, appellant admitted that he did not tell trial counsel that he wished to call his alleged co-conspirators as witnesses. He maintained that he had never met the alleged co-conspirators, did not know what their testimony would be or how it would aid his defense. Appellant first voiced a desire to call his co-conspirators as witnesses on the morning his trial was to commence, when he requested unsuccessfully that the court appoint new counsel to represent him.

*Commonwealth v. Segers,* 460 Pa. 149, 154–155, 331 A.2d 462, 465 (1975). Appellant's request for appointment of new counsel on the day trial was scheduled to commence, the 179th day under Rule 1100,[5] was properly denied. "A motion for change of counsel by a defendant to whom counsel has been assigned shall not be granted except for substantial reasons." Pa.R.Crim.P. 316(c)(ii). *See also Commonwealth v. Chumley,* 482 Pa. 626, 646 n.3, 394 A.2d 497, 507 n.3 (1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979); *Commonwealth v. Rowe,* 268 Pa.Superior Ct. 380, 381 n.1, 408 A.2d 516, 517 n.1 (1979). Counsel was not ineffective in failing to withdraw his appearance.

Appellant next argues that trial counsel was ineffective in failing to file a motion to dismiss under Rule 1100. Appellant had been arrested and a complaint had been filed on September 21, 1978. Trial commenced with the selection of a jury on March 19, 1979, the 179th day following issuance of the complaint. Appellant's claim for relief is of no arguable merit. Therefore, his trial counsel cannot be deemed ineffective for failing to file a nugatory Rule 1100 motion. *See Commonwealth v. Juliano,* 282 Pa.Superior Ct. 226, 230, 422 A.2d 1088, 1090 (1980). Counsel will not be deemed ineffective if the action which he failed to take would have been frivolous or futile. *Commonwealth v. Metzger,* 295 Pa.Superior Ct. 267, ——, 441 A.2d 1225 (1981). *See also Commonwealth v. Wilson,* 482 Pa. 350, 353, 393 A.2d 1141, 1143 (1978); *Commonwealth v. Ashley,* 277 Pa.Superior Ct. 287, 291, 419 A.2d 775, 777 (1980).

Appellant next contends that trial counsel was ineffective in failing to move for dismissal of the Bills of Indictment and/or a mistrial after Officer Christy had testified to facts slightly different from those contained in the complaint which he had prepared following appellant's arrest. The complaint stated that appellant was "in the process of cutting a hole in the roof of the laundromat at 2907 North Fifth Street when apprehended by police." At

---

5. Significantly, appellant was aware that it was the 179th day under Rule 1100. He had previously refused to sign a Rule 1100 waiver.

trial, Officer Christy testified that he saw appellant running from the roof as he approached and later discovered appellant in the alley where he was arrested. Appellant's trial counsel cross-examined Officer Christy extensively regarding this discrepancy.

The indictments contained all the essential elements of the crimes sought to be charged, which were identical to those alleged in the complaint, and adequately informed the appellant of the nature of the unlawful acts charged. There was no basis upon which to dismiss the indictments, and trial counsel was not ineffective for failing to make such a motion. *Commonwealth v. Wilson, supra; Commonwealth v. Ashley, supra.* Trial counsel was also correct in not moving for a mistrial following Officer Christy's testimony. The discrepancy between the facts alleged in the complaint and Christy's testimony provided no grounds for a mistrial but rather went to the weight to be accorded Officer Christy's testimony at trial.

Appellant next alleges that his constitutional right to effective assistance of counsel was violated because trial counsel failed to challenge four jurors for cause. Appellant, who refused to participate in the selection of the jury, argues that a juror who had been a burglary victim, a juror who was acquainted with some police officers, and two jurors who had police officers as neighbors should have been challenged for cause. All four jurors were questioned by trial counsel and stated that they would be able to render a fair and impartial verdict. "In order to succeed in challenging a venireman for cause, appellant must show that the prospective juror had a bias or prejudice 'that could not be readily set aside and would in fact influence and color his judgment.'" *Commonwealth v. McBee*, 267 Pa.Superior Ct. 49, 54–55, 405 A.2d 1297, 1300 (1979), quoting *Commonwealth v. Hoss*, 469 Pa. 195, 204, 364 A.2d 1335, 1340 (1976). There were in the instant case inadequate bases to sustain challenges for cause. The selection of a jury is a matter of trial strategy, and an attorney will not be found ineffective if his actions had some reasonable basis designed to effectu-

ate his client's interests. *Commonwealth v. Sullivan*, 472 Pa.
129, 141, 371 A.2d 468, 474 (1977); *Commonwealth v. Round-
tree*, 469 Pa. 241, 248–249, 364 A.2d 1359, 1362 (1976);
*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599,
235 A.2d 349 (1967). The record indicates that trial counsel
questioned each juror concerning his relationships, bias and
prejudices and was satisfied that each would render a fair
and impartial verdict. Appellant's argument to the contrary
is groundless.

Appellant argues four more specific instances of
alleged ineffective assistance of counsel which we find to be
utterly devoid of merit. Counsel's use of the words "ties
this defendant to the crime" in his argument to the jury was
a matter of trial strategy which in no way prejudiced
appellant.

Appellant's assertion that trial counsel should have
filed additional pre-trial motions after a prior motion to
suppress identification testimony was denied is also without
merit. Indeed, appellant has not disclosed what additional
pre-trial motions counsel should have filed or in what man-
ner they would have aided his defense. Absent this infor-
mation, there can be no finding of ineffectiveness. *Com-
monwealth v. Johnson, supra*, 479 Pa. at 62, 387 A.2d at
834–835 (1978).

Finally, appellant argues that trial counsel was inef-
fective for failing to submit points for charge on the issue of
Officer Christy's identification testimony and for failing to
object to the trial judge's summary of the evidence. The
record reveals that the trial court correctly charged the jury
regarding Officer Christy's testimony and cautioned the jury
that they were to trust their recollection of the evidence
presented at trial in preference to the court's summary.
There were no grounds for an objection to the court's
charge. Therefore, the issues counsel is charged with failing
to raise are without arguable merit. *Commonwealth v.
Betrand*, 484 Pa. 511, 521, 399 A.2d 682, 687 (1979); *Com-*

*monwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), later appeal, 485 Pa. 353, 402 A.2d 999 (1979).

The judgments of sentence are affirmed.