455 A.2d 1199

**COMMONWEALTH of Pennsylvania**

**v.**

**Keith WEAVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 18, 1981.

Filed Dec. 23, 1982.

Reargument Denied March 2, 1983.

510

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTEMURO and VAN der VOORT, JJ.

CERCONE, President Judge:

Appellant was convicted of burglary, criminal mischief, theft by unlawful taking, theft by receiving stolen property, possession of an instrument of crime, and conspiracy on March 20, 1980.[1] Appellant was sentenced on the burglary and conspiracy charges to two concurrent terms of three (3) years probation under the Psychiatric Unit. The Court also ordered that an Alcoholic Evaluation be done and that appellant attend a mental health clinic if necessary. The Court conditioned the probation on a requirement that appellant remain employed. Sentence was suspended on the criminal mischief charge.

On August 14, 1979, at approximately 12:22 a.m., Philadelphia police officer, James McGinty responded to a silent alarm at Gerace's Jewelry Store at 4424 Frankford Avenue. Upon arrival, the officer looked through the window of the jewelry store and saw two white males inside the building. On the scene investigation revealed that all entrances of the store were secured. Police called for a ladder company to bring a ladder to facilitate a check of the roof area. Officer McGinty found a hole in the roof which was approximately nineteen inches wide. Another officer found a small crowbar, screwdriver and pliers about eight to ten inches from the hole.

---

1. The lower court granted appellant's motion in arrest of judgment as to possession of an instrument of crime, but denied his other post-verdict motions on May 15, 1980.

Both actors who had been spotted inside the store were apprehended. One was running from the roof and the other was trapped in an alley way. Both actors had merchandise from the store in their possession;[2] both were white male juveniles.

Approximately ten to fifteen minutes after the two males were seen in the store, appellant was found by police approximately fifty feet from the hole, two buildings away, on the roof of the Gas Company. The officer described appellant as lying up against a wall in a fetal position. He testified that it is possible to walk from the roof of the jewelry store to that of the Gas Company by stepping over three two-feet high partitions.

Both parties stipulated that the owner of the premises would testify that on the morning of August 14, 1979, he went to his jewelry store where he saw the ceiling was torn down and there was a hole approximately ten by twelve inches in the roof. He would have testified that he had been at the store at 5:30 the preceding evening and that it had been left secure.

Appellant made no attempt to flee, had no merchandise on him and presented no defense at trial. On the basis of the Commonwealth's evidence, the Court, sitting without a jury, found the appellant guilty on all counts. We reverse.

In evaluating appellant's sufficiency of the evidence argument, we must view the facts in a light most favorable to the verdict winner, giving such party the benefit of all reasonable inferences arising therefrom. Then, it must be asked whether the evidence and the reasonable inferences arising from it are sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Von Aczel*, 295 Pa.Superior Ct. 242, 441 A.2d 750, 752 (1981) quoting from *Commonwealth v. Herman*, 271 Pa.Superior Ct. 145, 412 A.2d 617 (1979). While

2. These were an Accutron watch valued at $250.00 and 2 knives valued at $1 each.

guilt does not have to be established to a mathematical certainty, mere conjecture or surmise is not enough either. *Commonwealth v. Lewis,* 276 Pa.Superior Ct. 451, 419 A.2d 544 (1980); *Commonwealth v. Lovette,* 271 Pa.Superior Ct. 250, 413 A.2d 390 (1979). Furthermore, it is well established that the mere presence of an individual at the scene of a crime is not a sufficient circumstance upon which a finding of guilt may be predicated. *Commonwealth v. Manson,* 230 Pa.Superior Ct. 527, 327 A.2d 182 (1974). What does satisfy the quantum of proof necessary to convict is the combination of factors present pointing to appellant's active participation in this crime. *Commonwealth v. Smith,* 490 Pa. 374, 416 A.2d 517 (1980). And, finally, a conspiracy may be inferentially established by showing the relationship, conduct or circumstances of the confederate which demonstrate a unity of purpose to accomplish an unlawful act. *Commonwealth v. Cooper,* 240 Pa.Superior Ct. 477, 362 A.2d 1041 (1976).

While the discovery by police of a man just two buildings away from the site of a breaking and entering at 12:20 a.m. may conjure up the highest degree of suspicion as to his involvement in the criminal incident, without more, this Court is precluded from connecting appellant with the burglary of the nearby jewelry store unless the connection or association of appellant with those apprehended is established beyond a reasonable doubt insofar as the crime is concerned.

This is consistent with established case law.

In *Commonwealth v. Manson, supra,* a police officer responded to a burglary call at a certain premises. Arriving there, he saw a co-defendant on the porch of an adjoining property and stopped him. Then he saw appellant standing near a window that had been boarded up, but from which several boards were missing. The officer observed a pile of household goods inside the house next to the window. Appellant told officers on his arrest that he did not go into the premises, but that "the other two guys" did. Nevertheless, this court reversed the judgment of sentence

because it felt that clear and credible evidence establishing appellant's participation in the crime was wanting.

The Supreme Court of Pennsylvania in *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973) and in *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976) found the connection between the crimes committed and the respective appellants as too remote and it therefore reversed the judgments of sentence in both cases. In the *Roscioli* case, appellant was first seen by police officers outside of premises which were in the process of being burglarized. He was standing with two companions near a phone booth, just one foot from a pane of glass that had been removed to gain entrance to the premises. The Commonwealth argued this proximity, that appellant and his friends fled when the police car arrived, and that appellant had admitted knowing the two suspects who were found inside. In the *Goodman* case, at 3:00 a.m. while police were detaining a suspect who had emerged carrying a box of meat from a doorway which led to both a burglarized store and a stairway to an upstairs apartment, appellant appeared in the same doorway and was arrested. Both men were ordered to stand against the wall. As the officer approached both men, the suspect threw the meat at him and both men fled in opposite directions.

In both *Roscioli* and *Goodman* even the added element of flight was not considered sufficient evidence of involvement when coupled with the presence of appellants at the scenes.

Appellee urges us to consider other "roof-top" burglary cases in which the evidence was found to be sufficient. But we hasten to emphasize that it was not the locus of the appellants on roof-tops *per se* that constituted sufficient cases, rather other corroborative information evidenced by the surrounding circumstances supplied the missing links in those cases.

For example, in *Commonwealth v. Viall*, 278 Pa.Superior Ct. 613, 420 A.2d 710 (1980), a police officer was dispatched to a delicatessen for a "burglary in progress". The officer arrived and found the place had been ransacked. He heard

footsteps on the roof. Going outside, the officer shone his flashlight directly at a man who was lowering himself over the edge of the same roof. The officer recognized Viall and called to him to stop. Viall fled in the opposite direction, but was apprehended soon after.

In the instant case, two white juveniles were seen inside the jewelry store. Appellant, a black man of twenty-seven years, was spotted lying against a wall two roof-tops away. While Viall's direct involvement in the burglary can be inferred by the quick chain of events, the lack of other suspects, and his proximity to the premises, the within appellant's involvement as an accomplice falls short of convincing.

Evidence of accomplice liability was sufficient in *Commonwealth v. Whalen*, 189 Pa.Superior Ct. 351, 150 A.2d 133 (1959), *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972), and *In the Interest of Gonzalez*, 255 Pa.Superior Ct. 217, 386 A.2d 586 (1978). In all of these cases, the defendants were spotted on roof-tops. However, in *Whalen*, circumstances led to a well-nigh conclusive inference that defendant was one of two people seen on a roof through which a burglary was attempted. Additionally, defendant's spontaneous explanation of his presence there was incredible. In *Cimaszewski*, in a matter of seconds, police arrived at the scene of a burglary in progress. Two men fled from the rear of the building. One man was apprehended immediately. Noises from the back of the property directed police there, and they saw the first suspect's brother, the appellant, on the roof of a nearby shed. The court focused on the time involved and the sequence of events as providing the requisite quantum of proof for the defendant's involvement in the burglary. Finally, in another roof-top case, *Gonzalez*, the evidence to support a conspiracy to commit a burglary charge was attacked as insufficient. In upholding the conviction, the court first emphasized the Commonwealth's burden to show at least circumstantial evidence of a corrupt agreement. Then the court explained that testimony established that a

jewelry store had been broken into, that two individuals were seen jumping from the roof of an adjacent building and running down an alley shortly after the burglar alarm sounded, and that the appellant was one of the two individuals.

In the instant case, there is no evidence of appellant's being any closer than fifty feet from the scene of a burglary. There is no evidence that appellant ever had his hands on the burglary tools, nor that he acted as a look-out for the juveniles. As the alarm which sounded was silent, without additional information, his distance from them cannot be explained as a desire to escape apprehension for the burglary. And contrary to appellee's assertion, there was no evidence presented that the roof-top in question was inaccessible by ordinary means.

In fact, the evidence is as consistent with the inference that appellant was on the Gas Company roof, two buildings away, uninvolved in what was occurring, as it is with the inference that appellant was a participant in the burglary. Hence, appellant's guilt is not proved beyond a reasonable doubt, and the conviction may not stand.

Judgment of sentence reversed and appellant discharged.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

I dissent. Considering the totality of circumstances, I cannot agree with the majority's application of the "mere presence" standard to the facts of this case. This standard, in my opinion, is applicable in situations where *per chance* anyone could have stepped innocently within close proximity to the scene of the crime. This would include doorways, *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976), sidewalks, *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973) and any other common or public area. However, it is highly unlikely that a person could find himself innocently and coincidentally situated on a rooftop at 12:30 in the morning, a mere fifty feet away from the commission of a crime. Concededly, it is *possible* that a

person thus situated may have been disinterested in and unaware of the burglary that was in progress and certainly a vivid imagination can produce an infinite number of reasons for the appellant's presence at this particular location so late at night. But to pursue this line of reasoning, I believe, is to ignore the mandates of common sense.

Although we recognize that the mere presence of an individual at the scene of a crime is not sufficient in itself to support a finding of guilt, *Commonwealth v. Manson*, 230 Pa.Super. 527, 327 A.2d 182 (1974), the appellant's presence was not so minimal as to justify a reversal of his conviction. The test for sufficiency of the evidence requires an acceptance of the evidence presented by the Commonwealth in its most favorable light and the *reasonable inferences* that can be drawn therefrom. *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978). The majority cites a number of "rooftop" cases where the inference of guilt was drawn from a combination of factors present, including the appellant's participation in the crime. See, *Commonwealth v. Whalen*, 189 Pa.Super. 351, 150 A.2d 133 (1959); *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972); *In the Interest of Gonzales*, 255 Pa.Super. 217, 386 A.2d 586 (1978). Likewise, in *Commonwealth v. Jones*, 298 Pa.Super. 199, 444 A.2d 729 (1982), this court sustained the conviction of a person who, upon fleeing from the scene of a rooftop burglary, was found hiding from the police in a doorway that opened onto a neighboring alley. In this case, we held that "an attempt to flee *or conceal oneself* from the police is an additional circumstance from which guilt can be inferred." *Id.*, 298 Pa.Superior Ct. at 204, 444 A.2d at 731 (emphasis added). Moreover, it is established that "when a person commits a crime, knowing that he is wanted therefor, and flees *or conceals himself,* such conduct is evidence of the consciousness of guilt and may form the basis in connection with other proof from which guilt may be inferred." *Commonwealth v. Whack, supra,* 482 Pa. 142, 393 A.2d at 419 (quoting *Commonwealth v. Tinsley*, 465 Pa. 329, 333, 350 A.2d 791, 792–793 (1976)) (Emphasis added). Even where no direct evidence is presented to

establish actual knowledge that he was being sought by police, circumstantial proof of such knowledge may be sufficient. *Commonwealth v. Osborne,* 433 Pa. 297, 249 A.2d 330 (1969).

In the instant case, in addition to the appellant's unusual location, the lateness of the hour, the absence of any evidence to account for his presence at the scene and the close proximity to the criminal occurrence (his position on the rooftop was easily accessible from the roof where the crime took place), it is emphasized that minutes after co-defendants spotted the police, the appellant was found covering his head and lying in a fetal position closely behind a two-foot high partition. His behavior in the context of the accompanying circumstances unquestionably infers an attempt to conceal himself from the arresting police officers and sufficiently indicates, beyond speculation, conjecture and reasonable doubt that the appellant is guilty.

I would affirm the judgment of sentence.